## CIRCUIT COURT OF SMYTH COUNTY

Herbert Wayne Hale

    v.

Warden

March 13, 1989

By JUDGE CHARLES H. SMITH, JR.

This matter is before the court on petition for writ of habeas corpus. This court conducted a plenary hearing on this matter on March 2, 1989, pursuant to order entered by the Supreme Court of Virginia on September 24, 1987. I have thoroughly considered the testimony adduced at this hearing, the exhibits, and the transcript of the trial, as well as the allegations of the petition. In consideration of all of which the court finds as follows.

The defendant was tried to a jury in this court on April 30, 1985, and convicted on three counts of selling cocaine to an undercover narcotics agent. He was sentenced to a total of 17 years in prison. The three separate incidents occurred on March 17, 1984, September 18, 1984, and October 7, 1984. Most of the testimony presented at the habeas hearing was with regard to the October 7th sale. Very little mention was made of the other two incidents. The main thrust of the habeas petition is, of course, that the defendant was denied effective assistance of counsel due to the fact that counsel failed to subpoena certain witnesses and his failure to make timely objection to certain remarks of the trial judge and the trial judge's "attitude as manifested in petitioner's direction."

The petitioner claims that he was denied the effective assistance of counsel and was prejudiced by counsel's failure to call the following witnesses: Ellis Walker,

Kelly Poe, Joseph Gordon Poe, David Kendall, Gary Hall, and Mrs. Jessee Snyder. The allegation was that these witnesses could have supplied alibi testimony for the defendant and/or could have discredited the testimony of the main witness for the Commonwealth, undercover agent Monty Davidson. All of these witnesses apparently lived in Smyth County at the time of the trial and could have been reached by subpoena. No subpoenas were issued. However, trial counsel did testify to numerous efforts he personally made and requested the defendant to make in an effort to find and interview these witnesses. Mr. Crewe did make numerous efforts to locate these witnesses by way of letters and phone calls but to no avail. The only witnesses that were called at the habeas hearing, that petitioner complains were not called at trial, were Mr. Ellis Walker and Mrs. Jessee Snyder. The other witnesses were not called, and there is no indication in the record of just what their testimony might have been.

Mr. Walker testified that he was the foreman for W & L Construction Company on a highway construction project in the Town of Marion on October 5, 1984. He testified that the defendant was in his employ at that time and was on the job on that date. Mr. Walker could not recall just what the defendant's job was on that date or where or with whom the defendant might have had lunch. He did confirm that the area where the crew was working on that date is in close proximity to the Kentucky Fried Chicken Restaurant and to the light where you "turn to go up to the Piggly Wiggly." His testimony in no way tended to exonerate the defendant nor to discredit the testimony of Monty Davidson. He testified that he did not even know Mr. Davidson. If anything, his testimony corroborated that given by Mr. Davidson. (See page 21 of the trial transcript.)

Mrs. Jessee Snyder testified at the habeas hearing. She is a white lady with whom Mr. Hale, a black man, was carrying on an illicit affair during the time of these incidents in 1984. Mr. Hale was married at the time. Mrs. Snyder's testimony was presented to show how, if called at trial, her testimony might have discredited that of Mr. Monty Davidson. She testified that Mr. Davidson had approached her on a few occasions in an effort to get her to sell drugs to him, had made sexual advances toward

her, and had made racial slurs concerning Mr. Hale. The petitioner contends that trial counsel was ineffective in failing to call this witness to testify at trial and that he was prejudiced thereby. The problem with this argument is that it is clear from the testimony that the petitioner refused to give counsel the name of this witness, apparently in an effort to spare her the humiliation and embarrassment of possible public ridicule. An admirable gesture indeed, but trial counsel can hardly be criticized for failing to call a witness he did not know. Further, the petitioner has taken inconsistent positions with regard to this testimony. The affidavit of his habeas petition indicates that the testimony was known to him at the time of trial and could have been elicited from this witness. However, at the habeas hearing, the petitioner testified under oath that he did not learn of this evidence until after the trial. If it was known at the time of the trial, the information and the name of the witness should have been divulged to trial counsel so that he might have been allowed to make an intelligent and reasoned decision about whether to call her. If it was not discovered until after trial, then it might have formed the basis for a timely motion for a new trial but not for habeas relief.

The other witnesses mentioned by the petitioner in his habeas petition was not called to testify at the habeas hearing, and no affidavits were offered with regard to their testimony. The burden is upon the petitioner to submit their testimony to the habeas court and to show how he was prejudiced by the failure to submit such testimony at trial. The court can only assume that their testimony would neither have exonerated the petitioner nor discredited the testimony of the undercover agent.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel.

> The defendant must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. An error by counsel, even if

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. (Pages 688, 694, 691).

Concerning the reasonableness test, the Supreme Court went on to say:

Counsel is strongly presumed to have rendered adequate assistance and make all significant decisions in the exercise of reasonable professional judgment. A reviewing court should make every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's prospective at the time. Said differently, a court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.

This court cannot say that counsel's conduct with regard to the calling of these witnesses was unreasonable. He made numerous efforts to locate these witnesses by mail, by telephone, and by gathering information from other witnesses and the Commonwealth's Attorney and the investigator in charge of the case. He made pleas with the petitioner to bring the witnesses in. There has been some suggestion that counsel should have advanced the funds and placed subpoenas in the hands of the sheriff for these witnesses. In hindsight, and for future reference, the subpoena is always an alternative that trial counsel should pursue. However, in viewing the circumstances with which counsel was faced at the time -- an uncooperative client, a "star witness" whose name would not be divulged to him, the unsuccessful efforts he had made to contact these witnesses, not to mention the chilling effect that compulsory process can sometimes have on the testimony of such witnesses -- this court cannot say that counsel's conduct was unreasonable.

Even if this court were to conclude that counsel's conduct in not subpoenaing these witnesses was unreasonable, this court is of the opinion that the petitioner has not

met the second prong o this *Strickland* test, that is, prejudice. I find that the only possibility of any prejudice to the petitioner here would stem from the failure to elicit the discrediting testimony from Mrs. Snyder. However, as noted above, counsel cannot be deemed ineffective in his assistance nor unreasonable in his conduct in failing to call a witness whom he did not know. That being the case, this court cannot reach the prejudice issue with regard to that witness. With regard to the witness, Ellis Walker, even if counsel were unreasonable in failing to subpoena this witness, there has been no showing of prejudice because, as noted above, his testimony was mainly corroborative of Mr. Davidson's. Finally, even if this court were to find counsel's conduct unreasonable in failing to subpoena the other witnesses named above, there has been no showing of prejudice to the petitioner because their testimony was not submitted at the habeas hearing.

For these reasons, this court will deny the petition for a writ of habeas corpus.